IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT DICKINSON, and PAMELA                                    PLAINTIFFS
DICKINSON, on behalf of themselves and all
residents of Arkansas that are similarly Situated

v.                                    CASE NO. 3:12CV00112 BSM

SUN TRUST MORTGAGE, INC. and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION                                                      DEFENDANTS

## ORDER

Plaintiffs' motion to certify issues to the Arkansas Supreme Court [Doc. No. 43] is

granted.  Plaintiffs' motion for class certification [Doc. No. 46] is denied without prejudice.

A federal district court has discretion to certify a question of Arkansas law to the Arkansas

Supreme Court when there is no controlling Arkansas Supreme Court precedent on the issue.

Ark. Sup. Ct. R. 6-8; *See Allstate Ins. Co. v. Steele*, 74 F.3d 878, 881 (8th Cir. 1996).  The

Supreme Court will accept questions certified to it when the facts material to the question are

undisputed, and the issue is of substantial importance or touches on public policy concerns.

*See Longview Prod. Co. v. Dubberly*, 352 Ark. 207, 210, 99 S.W.3d 427, 429 (2003).

Here, plaintiffs want the Supreme Court to interpret Ark. Code Ann. § 18-50-117 and

seek certification of the following question:

Whether the Federal National Mortgage Association satisfies the Statutory
Foreclosure Act's authorized-to-do-business requirement, Ark. Code Ann. §
18-50-117, under 12 U.S.C. § 1716, et seq., or other federal laws, or must the
Federal National Mortgage Association satisfy Ark. Code Ann. § 18-50-117
by obtaining a certificate of authority in Arkansas prior to statutorily

1

foreclosing on property in Arkansas?

Certification of this question is granted because though there is precedent from the Eighth Circuit, there is no controlling precedent in the decisions of the Arkansas Supreme Court, *see JPMorgan Chase Bank, N.A. v. Johnson*, 719 F.3d 1010, 1015 (8th Cir. 2013) (determining that the issue of whether an entity seeking to use the Statutory Foreclosure Act may be authorized to do business by federal law is one of first impression), and this district has certified questions to the Arkansas Supreme Court in similar circumstances. *See Larry Hobbs Farm Equip., Inc. v. CNH Am.*, LLC, 2:08CV00049 JLH, No. 25, at *4 (E.D. Ark. Sept. 2, 2008) *certified questions answered*, 375 Ark. 379, 291 S.W.3d 190 (2009) (noting that the Eighth Circuit had already interpreted the meaning of a statute but that the Arkansas Supreme Court had not decided on the issue).  Second, this issue is determinative of this case. Both parties' arguments rest on whether defendant Federal National Mortgage Association ("FNMA") was authorized to do business in Arkansas, and therefore permitted to use the non-judicial foreclosure procedures of the Statutory Foreclosure Act ("SFA").  Third, though there are material facts in dispute generally, the issue of whether FNMA was authorized to non-judicially foreclose is a purely legal question and it is undisputed that FNMA commenced foreclose on plaintiffs' property.  Finally, the motion is granted because the issue is one of substantial importance.  Whether an entity may attain authorization to do business under the SFA by federal law or state law alone affects many Arkansas citizens who have a mortgage on their property.

IT IS SO ORDERED this 5th day of February 2014.

UNITED STATES DISTRICT JUDGE