IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ROBERT DICKINSON et al.                                                    PLAINTIFFS

v.                         CASE NO: 3:12CV00112 BSM

SUNTRUST MORTGAGE, INC. and
FEDERAL NATIONAL MORTGAGE ASSOCIATION                DEFENDANTS

**ORDER**

The motion to dismiss filed by defendants SunTrust Mortgage, Inc., and Federal National Mortgage Association ("Fannie Mae") [Doc. No. 61] is granted.

I.   BACKGROUND

Viewed in the light most favorable to plaintiffs, the non-moving parties, the facts are as follows. In 2008, plaintiffs Robert and Pamela Dickinson ("the Dickinsons") refinanced their mortgage loan with First National Bank. First National immediately assigned the mortgage and the associated promissory note to Mortgage Electronic Registration Systems, Inc., and SunTrust later became the loan servicer. Some time later, SunTrust initiated foreclosure proceedings on the Dickinsons' home and charged them various associated fees and expenses, including $275 for courthouse posting, $295 for statutory internet posting, and $360 for foreclosure attorney fees. The Dickinsons filed this lawsuit alleging that the fees and expenses charged by Suntrust violate the Arkansas Deceptive Trade Practice Act ("ADTPA"), and constitute unjust enrichment. Defendants move to dismiss.

II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to

state a claim upon which relief can be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* In ruling on a motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010). Additionally, to survive a motion to dismiss, ADTPA claims must be pled with the particularity required under Federal Rule of Civil Procedure 9(b). *Jarrett v. Panasonic Corp. of N. Am.*, CASE NO. 4:12CV00739 SWW, 2013 WL 8148643 (E.D. Ark. June 21, 2013).

## III. DISCUSSION

A. <u>ADTPA Claims</u>

Defendants' motion to dismiss is granted because the ADTPA does not apply to "[a]ctions or transactions permitted under laws administered by... a regulatory body ... acting under statutory authority of ... the United States...." Ark. Code Ann. § 4-88-101(3). Moreover, the Dickinsons have failed to sufficiently plead an ADTPA claim against either defendant.

*1. ADTPA Application*

a. Application to Fannie Mae

The ADTPA claim against Fannie Mae is dismissed because the ADTPA does not apply to foreclosure fees charged by Fannie Mae. The Secretary of the United States

Department of Housing and Urban Development ("HUD") has regulatory power over Fannie Mae and is required to enforce the provisions of the Federal National Mortgage Association Charter Act ("Fannie Mae Charter"). 24 C.F.R. § 81.1(a). The Fannie Mae Charter broadly gives Fannie Mae the power "to purchase, service, sell, or otherwise deal in any mortgages." *See* 12 U.S.C.A.§ 1717; *Dickinson v. SunTrust Nat'l Mortgage Inc.*, 451 S.W.3d 576, 581 (Ark. 2014). Consequently, Fannie Mae's ability to charge fees related to foreclosures is broadly controlled by the Fannie Mae Charter and regulated by the HUD. *See Dickinson*, 451 S.W.3d at 581–82. Because the fees charged by Fannie Mae are impliedly authorized by the charter and regulated by the HUD, the ADTPA does not control them.

   b.  Application of ADTPA to SunTrust's Actions

   Defendants' assertion that the ADTPA does not apply to SunTrust's actions because it is subject to state regulation is unsupported and overly broad. Defendants incorrectly read subsection 4-88-101(a)(3) to exempt all actions taken by an entity regulated under Arkansas law. *See* Ark. Code Ann. § 4-88-101(a)(3) (providing that the ADTPA does not apply to actions or transactions "permitted under laws administered by... a regulatory body"). Defendants failed to show that a mortgage servicer's ability to charge and collect foreclosure related fees is regulated by any agency under Arkansas law. Therefore, defendants have failed to show that the ADTPA does not apply to SunTrust's actions.

    2.  *Sufficiency of The Dickinsons' Second Amended Complaint*

   Even assuming that the ADTPA applies to both defendants, the motion to dismiss is granted because the Dickinsons' second amended complaint ("the complaint") fails to allege

any deceptive or misleading practice. The phrase "unconscionable, false, or deceptive" used in subsection (a)(10) of section 4-88-107 cannot be converted into a general reference to any unlawful conduct. *Universal Cooperatives, Inc. v. AAC Flying Serv., Inc.*, 710 F.3d 790, 795 (8th Cir. 2013). It must be interpreted to reach the same instances of false representation, fraud, or the improper use of economic leverage in a trade transaction that are enumerated in subsections (a)(1) through (9). *Id.* Accordingly, regardless of the subsection relied upon by a plaintiff, a prima facie case under the ADTPA requires: (1) a deceptive consumer-oriented act or practice which is misleading in a material respect, and (2) injury resulting from such act. *See Skalla v. Canepari*, 430 S.W.3d 72, 82 (Ark. 2013).

The complaint does not allege that the Dickinsons were deceived in any way. Importantly, the Dickinsons expressly contend they are not alleging "any fraud, deceit, or misrepresentations." *See* Pl.s' Opp. to Defs.' Mot. to Dismiss ("Pl.s' Brief") Part II., Doc. No. 63. The complaint simply alleges that "the ... fees charged [by defendants] were excessive and unconscionable." *See* Second Amended Complaint ¶ 65, Doc. No. 60. Absent allegations of a deceptive act or practice, the complaint fails to plead an ADTPA claim upon which relief may be granted. The Dickinsons' ADTPA claims are therefore dismissed.

B.  <u>Unjust Enrichment Claims</u>

The Dickinsons correctly argue that the mortgage contract does not preclude their unjust enrichment claims because it does not fully address the subject of excessive foreclosure fees. *See QHG of Springdale, Inc. v. Archer*, 373 S.W.3d 318, 325 (Ark. App. 2009). Defendants' motion to dismiss, however, is granted because the complaint fails to

sufficiently allege that defendants were unjustly enriched.

Unjust enrichment only occurs when a party has received something of value, to which he or she is not entitled, and which he or she must restore. *Hatchell v. Wren*, 211 S.W.3d 516, 522 (Ark. 2005). A party who is free from fault cannot be unjustly enriched merely because the party has opted to exercise a legal or contractual right. *Id.* Accordingly, an unjust enrichment lawsuit can only succeed where the defendant has received something of value from the plaintiff under such circumstances that, in equity and good conscience, the defendant has no right to retain. *Merchants & Planters Bank & Trust Co. of Arkadelphia v. Massey*, 790 S.W.2d 889, 891 (Ark. 1990).

The Dickinsons do not challenge defendants' right to collect fees in relation to foreclosure proceedings. *See* Pl.s' Brief, Part II., Doc. No. 63. The complaint simply alleges that defendants were unjustly enriched because the foreclosure fees they charged or collected were excessive and unconscionable. *See* Second Amended Complaint ¶¶ 68–71, Doc. No. 60. The complaint, however, fails to allege any facts indicating how or why the alleged fees were excessive. As such, the complaint fails to sufficiently allege that defendants, which have a legal and contractual right to collect foreclosure fees, were unjustly enriched by collecting such fees. Therefore, it fails to state a claim for unjust enrichment upon which relief may be granted. *See Deutsche Bank Nat. Trust Co. v. Austin*, 385 S.W.3d 381, 388 (Ark. App. 2011) (holding that an unjust-enrichment award is based upon the value of the benefit conferred upon the party unjustly enriched).

C.   Declaratory Judgment

Consistent with the conclusions set forth in Part III. A and B above, the Dickinsons' requests for declaratory judgment and injunction are denied.

## IV. CONCLUSION

For these reasons, defendants' motion to dismiss [Doc. No. 61] is granted and the Dickinsons' second amended complaint [Doc. No. 60] is dismissed with prejudice.

IT IS SO ORDERED this 23rd day of April 2015.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE