**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**ROBERT DICKINSON et al.**                                                                 **PLAINTIFFS**

**v.**                            **CASE NO: 3:12CV00112 BSM**

**SUNTRUST MORTGAGE, INC. and
FEDERAL NATIONAL MORTGAGE ASSOCIATION**            **DEFENDANTS**

**ORDER**

Summary judgment was granted and plaintiffs' Arkansas Deceptive Trade Practice Act ("ADTPA") and unjust enrichment claims were dismissed. Defendants now seek to recover $115,458.50 in attorneys fees and $1,282.77 in expenses from plaintiffs [Doc. No. 67]. The request for attorneys' fees is denied, but the request for costs is granted in the amount of $945.39.

I.   DISCUSSION

A.   Attorney's Fees

In diversity cases, state law governs the availability of attorney's fees when no conflicting federal statute or court rule applies. *Weitz Co. v. MH Washington*, 631 F.3d 510, 534 (8th Cir. 2011). In Arkansas, each party must bear his or her own attorney's fees unless a statute, court rule, or contract expressly provides otherwise. *See St. Francis Cnty. v. Joshaway*, 58 S.W.3d 361, 363 (Ark. 2001).

*1.   Statutory Right to Attorney's Fees*

Defendants are not entitled to attorney's fees under Arkansas code annotated section 16-22-308 because plaintiffs did not sue them for breach of contract. *See Curry v.*

*Thornsberry*, 128 S.W.3d 438, 445 (Ark. 2003) (when the complaint does not specifically raise a breach of contract claim, attorney's fees may be awarded under section 16-22-308 only if there is an underlying contract action). Plaintiffs' complaint raised ADTPA and unjust enrichment claims. Neither of these claims is contract based as required by section 16-22-308. *See Friends of Children, Inc. v. Marcus*, 876 S.W.2d 603, 606 (Ark. App. 1994) (holding that attorney's fees are not available under section 16-22-308 for unjust enrichment because it is based on quasi-contract, which is no contract); Ark. Code Ann. § 4-88-113 (providing for attorney's fees only for violation of the ADTPA). Accordingly, defendants' motion for attorney's fees pursuant to section 16-22-308 is denied.

## 2. *Contractual Right to Attorney's Fees*

Neither the note nor the mortgage provides defendants with a basis to recover attorney's fees. Even when attorney's fees are not authorized under section 16-22-308, they may be awarded if there is a contract specifically providing for the payment of such fees. *Marcum v. Wengert*, 40 S.W.3d 230, 237 (Ark. 2001). Section 6(E) of the note herein provides as follow:

> If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

*See* Note ¶ 6(E), Ex. 2, Doc. No. 67. Further, section 22 of the mortgage provides that the "[l]ender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and cost of title

evidence." *See* Mortgage § 22, Ex. 3, Doc. No 67. Plaintiffs are correct that neither contract provides for the assessment of attorney's fees or costs against them under the facts of this case. Defendants' request for fees is therefore denied.

B.  Costs

Federal Rule of Civil Procedure 54(d) permits defendants, as the prevailing parties, to recover costs. To overcome defendants' request for costs, plaintiffs must show that awarding costs to defendants is inequitable under the circumstances. *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002). In that plaintiffs have failed to carry this burden, defendants are awarded costs totaling $945.39, which includes $497.42 for filing fees, $366.37 for photocopies, and $81.60 for postage, long distance phone calls, and courier expenses.

## II. CONCLUSION

For the foregoing reasons, the motion for attorney's fees filed by defendants Suntrust Mortgage, Inc., and Federal National Mortgage Association [Doc. No. 67] is denied and their motion for costs is granted in part. Defendants are awarded costs in the amount of $945.39.

IT IS SO ORDERED this 9th day of June 2015.

_____
UNITED STATES DISTRICT JUDGE

3